IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D.C., *a minor*, by and through his next friend, T.C.; T.C. individually,<br>　　　　　　Plaintiffs,<br>　vs.<br>UNIFIED SCHOOL DISTRICT NO. 295, JENNINGS, KS, *Prairie Heights*, et al.,<br>　　　　　　Defendants. | Case No. 05-4049-JAR |

## ORDER

This matter comes before the court upon defendants' motion to compel (Doc. 13), seeking an order compelling plaintiffs to provide Fed. R. Civ. P. 26(a)(1) initial disclosures and responses to defendants' Interrogatories to Plaintiff D.C., Interrogatories to Plaintiff T.C., and Request for Production to Plaintiffs, including the execution of medical and educational release authorizations. Plaintiffs have not filed any response to defendants' motion and the time to do so has now expired.[1] Pursuant to D. Kan. Rule 7.4, the court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days.").

motion without any further notice.[2] The court has reviewed defendants' motion and is now prepared to rule.

On June 27, 2005, the court conducted a scheduling conference with the parties by telephone.[3] During the scheduling conference, the parties agreed that they would exchange their Rule 26(a)(1) initial disclosures, including copies of any documents referenced therein, by July 11, 2005. The court memorialized the parties agreed date for exchange of disclosures in the Scheduling Order it entered in this case on June 27, 2005.[4] Defendants filed notice of service of their Interrogatories to Plaintiff D.C., Interrogatories to Plaintiff T.C., and Request for Production to Plaintiffs on June 6, 2005.[5] Defendants report sending correspondence to plaintiffs' counsel regarding the need to provide Rule 26(a)(1) initial disclosures and responses to the Interrogatories and Request for Production.[6] Defendants filed the instant motion to compel on August 8, 2005.[7] Plaintiffs failed to timely respond to defendants' motion to compel.

---

[2] D. Kan Rule 7.4 provides in relevant part:

> The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

[3] Minute Entry (Doc. 7).

[4] *See* Scheduling Order (Doc. 7), at p. 4.

[5] *See* Notice of Service (Doc. 5).

[6] *See* Untitled Document *attached as* Ex. A to Motion to Compel (Doc. 13).

[7] *See* Motion to Compel (Doc. 13).

As a result, the court is left without any explanation for plaintiffs' failure to make initial disclosures or respond to the Interrogatories and Request for Production and can only conclude that Plaintiffs are in violation of the Scheduling Order (Doc. 7) and Fed. R. Civ. P. 26, 33, and 34. As such, the court will grant defendants' motion and order plaintiffs to provide initial disclosures and full and complete responses to defendants' Interrogatories and Request for Production, including execution of medical and educational release authorizations, on or before **September 12, 2005**.

Defendants also seek an award of reasonable attorney's fees and expenses incurred in filing the instant motion to compel. Fed. R. Civ. P. 37(a)(4) provides that if a motion to compel is granted, the court shall:

> after affording an opportunity to be heard, require the party. . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.[8]

Plaintiffs failed to respond to defendants' discovery requests, even after defendants' good faith efforts to obtain responses without seeking a court order. Furthermore, plaintiffs have provided no justification for the failure to provide the requested discovery. Accordingly, the court will order that plaintiffs show cause why sanctions should not be imposed for failure to provide the requested discovery.

---

[8] Fed. R. Civ. P. 37(a)(4).

**IT IS THEREFORE ORDERED** that the defendants' motion to compel (Doc. 13) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiffs shall, on or before **September 12**, **2005**, serve Rule 26(a)(1) initial disclosures, including copies of any documents referenced therein, and provide full and complete responses to all of defendants' outstanding discovery requests, including Interrogatories to D.C., Interrogatories to T.C., and Request for Production to Plaintiffs.

**IT IS FURTHER ORDERED** that plaintiffs shall **SHOW CAUSE** to the court, in writing, on or before **September 12, 2005,** why they should not be taxed with defendants' reasonable attorney's fees and expenses in filing the instant motion to compel as a sanction for their failure to provide the requested discovery. Defendants' counsel is directed to submit an affidavit to the court, providing an accounting of defendants' fees and expenses related to filing the instant motion, by the same date.

**IT IS SO ORDERED.**

Dated this 30th day of August, 2005, at Topeka, Kansas.

s/K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge