**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| D.C., *a minor*, by and through | ) | |
| his next friend, T.C.; | ) | |
| T.C. individually, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 05-4049-JAR |
| | ) | |
| UNIFIED SCHOOL DISTRICT NO. 295, | ) | |
| JENNINGS, KS, *Prairie Heights*, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This matter comes before the court for consideration of sanctions to be awarded to defendants as a result of the court's granting their motion to compel (Doc. 13).  On August 30, 2005, the court entered its memorandum and order (Doc. 28) granting defendant's motion to compel (Doc. 13); ordering plaintiffs to serve their initial disclosures and answers to defendants' written discovery by September 12, 2005; ordering plaintiffs to show cause to the court in writing, by September 12, 2005, why they should not be sanctioned as a result of their failure to timely provide their initial disclosures and answers to defendants' written discovery; and directing defendants to submit an affidavit attesting to their fees and expenses related to their motion to compel by September 12, 2005.

On September 12, 2005, in compliance with the court's order, defendants filed their affidavit in support of their request for attorney's fees (Doc. 29).  In that document, defendants attest to incurring attorney's fees and expenses in the amount of $80.50 related to the filing of their motion.  To date,

1

plaintiffs have made no response to the court's order to show cause, and the time for doing so has expired.

Fed. R. Civ. P. 37(a)(4) provides that if a motion to compel is granted, the court shall:

> after affording an opportunity to be heard, require the party. . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.[1]

As the court observed in its memorandum and order granting defendants' motion to compel, "[p]laintiffs failed to respond to defendants' discovery requests, even after defendants' good faith efforts to obtain responses without seeking a court order.  Furthermore, plaintiffs have provided no justification for the failure to provide the requested discovery."[2]  Because plaintiffs have not responded to the court's order to show cause, the court has no additional information to explain plaintiffs' apparent failure to comply with the Federal Rules of Civil Procedure with regard to the service of their initial disclosures and answers to written discovery.  Accordingly, the court can only conclude that plaintiffs should be sanctioned for their conduct through an award of defendants' reasonable attorney's fees and expenses related to the filing of the motion to compel.

Attorney fees are traditionally determined using the formula of a reasonable number of hours

---

[1] Fed. R. Civ. P. 37(a)(4).

[2] Doc. 28, at p. 3.

times a reasonable hourly fee.[3]   "[T]he fee applicant bears the burden of...documenting the appropriate hours expended and hourly rates."[4]   However, there is not a precise rule or formula for making these determinations.[5]   To determine a reasonable rate of compensation, the court must "determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[6]   Because the litigation occurred in Topeka, Kansas, the relevant inquiry concerns the rates that lawyers of comparable skill and experience charge in the Topeka area.[7] Defendants provide no evidence of the prevailing market rate for similar legal services provided by comparable practitioners in the Topeka area.  In the absence of adequate evidence of prevailing market rates, the court may rely on other relevant factors including its own knowledge to establish the rate.[8]

After reviewing the affidavit submitted by defense counsel, the court finds that the rates charged by defense counsel are reasonable, based upon the court's knowledge of the prevailing market rates,

---

[3]*Kayhill v. Unified Gov't of Wyandotte County, et al.,* 197 F.R.D. 454, 459 (D. Kan. 2000) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)) (awarding attorneys' fees for failure to meet discovery obligations).

[4]*Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249-50 (10th Cir. 1998) (citations omitted);  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

[5]*Hensley*, 461 U.S. at 436.

[6]*Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).

[7]*See id.  See also Jayhawk Invs., L.P. v. Jet USA Airlines, Inc.,* No. 98-2153-JWL, 1999 WL 974027, at *4 (D. Kan. Aug. 25, 1999).

[8]*See Case*, 157 F.3d at 1257 (citing *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987)).

and that the hours expended by defense counsel preparing the motion to compel and affidavit appear reasonable.  Accordingly, the court will impose the total amount claimed by defendants, $80.50, as the sanction for plaintiffs' failure to timely provide the discovery at issue in defendants' motion to compel.

**IT IS THEREFORE ORDERED** that defendants are hereby awarded $80.50 in attorney's fees and expenses, to be paid by plaintiffs, associated with the filing of defendants' Motion to Compel (Doc. 13).  Plaintiffs shall pay this amount to defendants within thirty (30) days from the date of this order.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2005, at Topeka, Kansas.


s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge