## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

D.C., *a minor*, by and through )
his next friend, T.C.; )
T.C. individually, )
                Plaintiffs, )
    vs. )          Case No. 05-4049-JAR
)
UNIFIED SCHOOL DISTRICT NO. 295, )
JENNINGS, KS, *Prairie Heights*, et al., )
)
            Defendants. )

## ORDER

A dispute has arisen in this matter with regard to what claims shall be included in the pretrial order. On March 8, 2006, the court conducted a final pretrial conference with the parties. Plaintiffs appeared through counsel, Christopher G. Kelsey. Defendant Stanley Shimek did not appear.[1] All remaining defendants appeared through counsel, Allen Glendenning.

During the conference, after inquiry by the court, plaintiffs expressed their intent to abandon any claims pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution and to proceed only on their claim pursuant to 20 U.S.C. § 1681 *et seq.* and their Kansas state law negligence claims. Defendants' counsel indicated that he understood and agreed with plaintiffs' position regarding what claims would go forward. As a result of this and other issues, the court ordered the parties to confer and, by March 15, 2006, to submit a revised pretrial order to the court and contemporaneously file

---

[1] Defendant Shimek has not filed any response to plaintiff's complaint or participated in any other way in this matter. As such, all references to defendants or defendants' counsel herein should be read to as applying to all other named defendants except defendant Shimek.

documents to dismiss any claims that were not included in the pretrial order and would no longer be pursued by plaintiffs.[2]

On March 15, 2006, the court received an e-mail from defendants' counsel with an attached revised pretrial order.  In his message, defendants' counsel stated that plaintiffs had informed him they now wished to assert claims under 42 U.S.C. § 1983 and the Fourteenth Amendment.  Defendants' counsel further stated that he objected to the assertion of those claims and their inclusion of the pretrial order on the basis of unfair prejudice.  Defendants contend that they would be prejudiced because they have already completed substantial work on a motion for summary judgement and would now have to do extensive research and revision of their motion to address these additional claims.

On March 16, 2006, the court directed plaintiffs' counsel to respond to defendants' counsel's message, stating plaintiffs' position and thoughts on the issues presented.  Plaintiffs' counsel provided such a response by e-mail, copied to opposing counsel, on March 17, 2006.  Plaintiff's counsel acknowledges that it was plaintiffs' intent to abandon these additional claims at the time of the final pretrial conference ; however, he states that, upon reflection and additional research after the conference, he determined that it would unwise to dismiss plaintiffs' 42 U.S.C. § 1983 and  Fourteenth Amendment claims at this time.  Plaintiffs' counsel further acknowledges the legitimacy of defendants' claim of potential prejudice, but contends that it is outweighed by the potential prejudice to plaintiffs if they are barred from pursuing these claims.  Additionally, plaintiffs' counsel expresses a willingness to agree to concessions, such as potentially shortening the time period for plaintiffs' response to any summary judgment motion by defendants, in order

---

[2] *See* Minute Entry (Doc. 107).

to ameliorate any prejudice to defendants from plaintiffs' belated affirmation of their intent to go forward on these claims.

Having reviewed the parties' respective messages, the court is now prepared to rule on the inclusion of plaintiffs' 42 U.S.C. § 1983 and  Fourteenth Amendment claims in the pretrial order and establish a procedure for finalizing the pretrial order for entry.  While plaintiffs' counsel unequivocally stated plaintiffs' intention to abandon these claims during the final pretrial conference, it was a statement of *intention* which, when coupled with court's establishment of a deadline for the parties' to file documents disposing of abandoned claims by March 15, 2006, could be construed as giving plaintiffs an opportunity to reevaluate their position until the deadline for decision arrived.  This is not how the court viewed the situation.  The court's expectation was that the parties would engage in, as described by defendants' counsel, "a minor exercise in cleaning up a few things with previously agreed" pretrial order.  The purpose of the simultaneous deadline for the parties to stipulate or otherwise act to dismiss any abandoned claim was simply a matter of housekeeping to ensure a clear record of what claims were going forward.  Nonetheless, the circumstances could be construed to provide plaintiffs with an opportunity to continue to consider their position until the March 15, 2006-deadline.

Moreover, pursuant to Fed. R. Civ. P. 16, a pretrial order may be modified to prevent manifest injustice.  The court foresees that, were it to exclude plaintiffs' 42 U.S.C. § 1983 and  Fourteenth Amendment claims on the basis of plaintiffs' counsel representations at the pretrial conference, plaintiffs' could likely make a successful showing and be granted leave to amend the pretrial order to reinstate those claims – this at a time subsequent to the filing of any motion for summary judgment when the prejudice to defendants could only be magnified.  At this juncture, the disputed claims have been at issue in the case

since the filing of the complaint and were subject to the entire discovery process.  Defendants make no representation that the claims were not fully discovered, instead resting their claim of prejudice on the added research and drafting that will be required to modify their impending motion for summary judgment. This potential prejudice, while real, can be ameliorated by adjustment of the summary judgment deadline. The current deadline, March 29, 2006, is still several days away, and the court is amenable to a reasonable extension of that deadline to accommodate the needs of the defendants.  Depending upon the length of such an extension, there is a possibility that the trial of this matter could be delayed from its current, September 19, 2006, setting; however, such a delay is not certain and would, in any event, seem to fall most heavily upon plaintiffs as the parties seeking redress of alleged grievances.

The court does not take this decision lightly, nor should plaintiffs' counsel.  The ability of counsel to rely upon each other's statements and representations is fundamentally important to the efficient and just resolution of any matter involved in litigation.  At the end of the day, the degree of professionalism and integrity with which counsel act and interact can have a profound outcome on the litigation, both in terms of the efficiency with which a resolution may be reached and the ultimate fairness of that resolution.  The court is satisfied in this instance that plaintiffs' counsel is not acting disingenuously, and that the apparent reversal of plaintiffs' position reflects an honest change of mind as a result of more complete consideration of all the relevant factors.  Nevertheless, the court hopes and expects that in the future plaintiffs' counsel will take care to have fully considered and committed to a position before making statements to the court or opposing counsel.

Based upon the foregoing, the court concludes that plaintiffs shall be permitted to assert claims pursuant to 42 U.S.C. § 1983 and  Fourteenth Amendment in the pretrial order in this matter.  The court

4

hereby sets a further pretrial conference to finalize the form of the pretrial order on **March 20, 2006, at 2:00 p.m.**  In effort to minimize additional costs to the parties, the court will conduct this pretrial conference telephonically.  The court will initiate the conference call.  During the pretrial conference, the court will hear from the parties with regard to any extension of the dispositive motion deadline that any party believes to be necessary as a result of this ruling.

> **IT IS SO ORDERED.**

Dated this 17th day of March, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge